UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONDRA ZARATE, and minors N.Z. and A.Z., by and through their legal guardian JOSE G. FIGUEROA,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS NEW WORLD LIFE INSURANCE COMPANY and DOES 1–10,<br><br>Defendants. | No. 1:17-cv-00954-DAD-JLT<br><br>ORDER GRANTING AMENDED JOINT MOTION TO APPROVE MINOR'S SETTLEMENT<br><br>(Doc. No. 21) |

Before the court is the parties' joint motion to approve a compromise of the minors' claims in this action. (Doc. No. 17.) A hearing on the motion was held on May 30, 2018. Attorney Craig A. Edmonston appeared telephonically on behalf of plaintiffs, and attorney Michael Newman appeared telephonically on behalf of defendant. Following the hearing, the parties filed an amended motion as discussed at the hearing. (Doc. No. 21.) Having considered the parties' amended request and heard oral argument, and for the reasons set forth below, the court grants the amended motion to approve the minors' compromise.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Farmers New World Life Insurance Company ("Farmers") issued a term life insurance policy, Policy No. 007874584-OR, to Jose Zarate (the "insured"). (*See* Doc. No. 21-2

1

| | |
|---|---|
| 1 | at Ex. A.)  The insured was covered under the term life policy in the amount of $250,000.00. |
| 2 | (Doc. No. 21 at ¶ 3.) |

at Ex. A.)  The insured was covered under the term life policy in the amount of $250,000.00. (Doc. No. 21 at ¶ 3.)

The insured died on or about April 11, 2008, and as a result the death benefit became payable.  (*Id.* at ¶ 4.)  Maricela Zarate, the wife of the insured, was designated as the beneficiary. (*Id.* at ¶ 5.)  On October 4, 2010, Maricela Zarate was convicted of the homicide of the insured. (*Id.* at ¶ 6.)  Pursuant to California law:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Cal. Prob. Code § 252.  Accordingly, Maricela Zarate was disqualified from the $250,000 life benefit.  (*Id.* at ¶ 6.)

Plaintiff Alondra Zarate, born January 13, 1997; plaintiff N.Z., born December 20, 2005; and plaintiff A.Z., born February 13, 2002, are the natural daughters of Jose Zarate and Maricela Zarate.  (*Id.* at ¶ 5.)  N.Z. will reach the age of majority on December 20, 2023, and A.Z. will reach the age of majority on February 13, 2020.  (*Id.* at ¶ 23.)  Pursuant to the subject policy, plaintiffs are entitled to the $250,000 life benefit as the surviving issue and contingent beneficiaries of the insured.  (*Id.* at ¶ 6.)

On April 21, 2017, plaintiffs commenced this action for breach of contract and declaratory relief in Kern County Superior Court.  (Doc. No. 3-1 at Ex. A.)  On or about April 26, 2017, Jose G. Figueroa was appointed as guardian *ad litem* for N.Z. and A.Z.  (Doc. No. 21 at ¶ 8.)  On July 18, 2017, defendant removed this action from state court.  (Doc. No. 1.)  On August 22, 2017, defendant filed an answer.  (Doc. No. 10.)  On February 16, 2018, the plaintiffs filed a notice of settlement.  (Doc. No. 13.)  On April 25, 2018, the parties filed a joint motion to approve a compromise of the minors' claims in this action.  (Doc. No. 17.)  Following a hearing on the motion, the parties filed the instant amended motion to approve a compromise of the minors' claims in this action on May 30, 2018.  (Doc. No. 21.)

/////

The terms of the settlement agreement are outlined in the amended joint motion. (*Id.* at ¶¶ 9–24.) Pursuant to the settlement agreement, the parties agree that no benefit other than the death benefit described herein is payable under the policy as a consequence of the death of the insured. (*Id.* at ¶ 10.) The parties agree that the death benefit (plus any applicable interest) shall be payable in equal one-third shares to each of the decedent's surviving children, Alondra Zarate, N.Z., and A.Z. (*Id.* at ¶ 11.) Upon defendant Farmers mailing the checks to each of the parties and their counsel, Jose G. Figueroa, Alondra Zarate, and N.Z. and A.Z., through their guardian Jose G. Figueroa, release any and all claims each asserted or could have asserted against Farmers arising out of the term life insurance policy and are further barred from bringing further actions or proceedings against Farmers with respect to those claims. (*Id.* at ¶ 21.)

## APPROVAL OF MINORS' COMPROMISE

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted). In considering the fairness of a settlement of a minor's claim, federal courts sitting in diversity generally are guided by state law.[1] *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims

---

[1] In *Robidoux*, the Ninth Circuit held that a district court's inquiry into a proposed settlement should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1182. In *Robidoux*, however, the court expressly limited its holding to cases involving settlement of a minor's federal claims and declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims," as is the case here. *Id.* at 1179 n.2. Accordingly, while mindful of the decision in *Robidoux,* this court will place more weight on state law considerations in evaluating the proposed settlement here.

3

by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. In addition, the Local Rules of this court require disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney. *See* Local Rules 202(b)–(c).

Here, the proposed settlement agreement provides that defendant Farmers will pay each of Jose Zarate's surviving children a one-third share of the death benefits under the life insurance policy at issue. Thus, each minor will receive an amount similar to that which she could likely be entitled as a beneficiary under the plan, in the absence of a qualified surviving spouse or registered domestic partner. Having carefully reviewed the parties' submissions, the court finds that the proposed settlement is fair and reasonable.

In addition, the instant petition seeks an order awarding attorneys' fees amounting to 25% of the total recovery for each minor. It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorneys' fees in contingency cases involving minors. *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. South Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. County of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced County*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1 (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). The court finds the award of attorney's fees sought to be reasonable under the circumstances.

/////

/////

**ORDER**

Accordingly, for the reasons stated above, the court grants the amended joint motion for minors' compromise (Doc. No. 21), and further orders the following:

1. Defendant Farmers shall pay each of Jose Zarate's surviving children a one-third share of the death benefit (an amount totaling $351,375.38, inclusive of interest) under the life insurance policy at issue, in the manner described herein;

2. Within twenty-one (21) days of the date of this order, Farmers shall issue payment of $117,125.13 to Alondra Zarate and her attorney Craig A. Edmonston;

3. Within twenty-one (21) days of the date of this order, Jose G. Figueroa shall establish a blocked account at Chase Bank, Delano Branch located at 917 Main Street, Delano, CA 93215, for the benefit of N.Z. (the "N.Z. Restricted Account"). Funds deposited into the N.Z. Restricted Account shall not be withdrawn without further order of this court until N.Z. reaches the age of majority;

4. Within ten (10) days of establishing the N.Z. Restricted Account, Jose G. Figueroa shall provide Farmers, Craig A. Edmonston, Esq., and the court with the exact name of the account holder for the N.Z. Restricted Account;

5. Within twenty-one (21) days of receipt by Farmers of the exact name of the account holder for the N.Z. Restricted Account, Farmers shall mail a check in the amount of $87,523.85, which includes 1/3 of the applicable interest accrued on the total Death Benefit, payable to "[N.Z.], a minor" to Craig A. Edmonston, Esq. (The referenced $87,523.85 figure represents N.Z.'s 1/3 share of the Death Benefit, plus interest ($117,125.13) less her attorney's 25% contingency fee and $320.00 in costs. These attorneys' fees and costs are separately payable to Craig A. Edmonston, Esq. pursuant to a certain Contingency Agreement by and between Craig A. Edmonston, Esq. and Jose G. Figueroa, and payment of same is addressed below.). Within ten (10) days of receiving Farmers' check, Craig A. Edmonston, Esq. shall deposit the amount payable to N.Z. into the N.Z. Restricted Account, and provide confirmation of the deposit to the court and Farmers.

| | | |
|---|---|---|
| 1 | 6. | Within twenty-one (21) days of the date of this order, Jose G. Figueroa shall establish a blocked account at Chase Bank, for the benefit of A.Z. (the "A.Z. Restricted Account"). Funds deposited into the A.Z. Restricted Account shall not be withdrawn without further order of this court until A.Z. reaches the age of majority. |
| | 7. | Within ten (10) days of establishing the A.Z. Restricted Account, Jose G. Figueroa shall provide Farmers, Craig A. Edmonston, Esq., and the court with the exact name of the account holder for the A.Z. Restricted Account; |
| | 8. | Within twenty-one (21) days of receipt by Farmers of the exact name of the account holder for the A.Z. Restricted Account, Farmers shall mail a check in the amount of $87,523.85, which includes 1/3 of the applicable interest accrued on the total Death Benefit, payable to "[A.Z.], a minor" to Craig A. Edmonston, Esq. (The referenced $87,523.85 figure represents A.Z.'s 1/3 share of the Death Benefit, plus interest ($117,125.13) less her attorney's 25% contingency fee and $320.00 in costs. These attorneys' fees and costs are separately payable to Craig A. Edmonston, Esq. pursuant to a certain Contingency Agreement by and between Craig A. Edmonston, Esq. and Jose G. Figueroa, and payment of same is addressed below.). Within ten (10) days of receiving Farmers' check, Craig A. Edmonston, Esq. shall deposit the amount payable to A.Z. into the A.Z. Restricted Account, and provide confirmation of the deposit to the court and Farmers; |
| | 9. | Within twenty-one (21) days of (a) the date of this order, (b) receipt of a W-9 form properly executed by Craig A. Edmonston; and (c) Jose G. Figueroa providing the names of the account holders for the N.Z. Restricted Account and the A.Z. Restricted Account, Farmers shall mail to Craig A. Edmonston, Esq., 2204 Truxtun Avenue, Bakersfield, CA 93301 a check payable to "Craig A. Edmonston, Esq." in the amount of $59,202.56. (The referenced $59,202.56 figure represents Craig A. Edmonston, Esq.'s 25% contingency fee on the portions of the Death Benefit being paid to N.Z. and A.Z., plus an aggregate of $640.00 in court costs |

| | | |
|---|---|---|
| 1 | | allocated to the minors, pursuant to certain Contingency Agreements by and |
| 2 | | between Craig A. Edmonston, Esq. and Jose G. Figueroa; |
| 3 | 10. | Upon Farmers mailing the checks as set forth above, Jose G. Figueroa, Alondra |
| 4 | | Zarate, N.Z., a minor, and A.Z., a minor, through their guardian Jose G. Figueroa, |
| 5 | | release any and all claims each asserted or could have asserted against Farmers |
| 6 | | arising out of the term life insurance policy, and are forever barred and restrained |
| 7 | | from bringing further actions or proceedings against Farmers as to any and all acts, |
| 8 | | omissions, or occurrences transpiring prior to the date of this motion; |
| 9 | 11. | Via this settlement, N.Z. and A.Z. will each receive one-third of the term life |
| 10 | | insurance policy Death Benefit plus accrued interest. Minors N.Z. and A.Z. |
| 11 | | through their legal guardian Jose G. Figueroa hereby release Farmers from any |
| 12 | | further liability for known or unknown claims arising from the Farmers subject |
| 13 | | policy. Farmers hereby in turn waives any claims for attorneys' fees and costs; |
| 14 | 12. | This case is dismissed with prejudice; and |
| 15 | 13. | The Clerk of the Court is directed to close this case. |

IT IS SO ORDERED.

Dated: **June 5, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE